## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIAM CHUKES,**                                    **CASE NO.**

     **Plaintiff,**

**vs.**

**MORRIS YOUNG, in his official**
**capacity as SHERIFF, GADSDEN**
**COUNTY, FLORIDA, and**
**STACY MCINTYRE, individually**

     **Defendants,**

_____/

## COMPLAINT

Plaintiff, WILLIAM CHUKES, hereby sues Defendants, MORRIS YOUNG, in his official capacity as SHERIFF OF GADSDEN COUNTY, FLORIDA, and STACY MCINTYRE, individually, and alleges:

### JURISDICTION

1.     This is an action involving the violation of Plaintiff's federal civil rights and contains state causes of action pursuant to this Court's concurrent and supplemental jurisdiction.  The aggregate amount of damages claimed by Plaintiff against Defendant is in excess of $75,000.00, the jurisdictional amount required for venue in this Court.

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.  Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Fourth Amendment to the Constitution of the

United States of America.  The Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

3.      A written notice of Plaintiff's state law claims asserted herein, was submitted to Defendant and to the Florida Department of Financial Services on or about July 28, 2006, pursuant to §768.28(6), Florida Statutes.  No response was received by Plaintiff, therefore they are deemed denied by operation of law.

4.      Plaintiff, WILLIAM CHUKES, has been a resident of Gadsden County, Florida.  The incidents alleged herein occurred in Gadsden County and he is *sui juris*.

5.      Defendant, MORRIS YOUNG (hereinafter "Sheriff" or "Young"), at all times pertinent to this action, was the Sheriff of Gadsden County and was the top constitutional officer of Gadsden County, Florida.  He is sued in his official capacity.

6.      Defendant, STACY MCINTYRE, (hereinafter "McIntyre"), at all times pertinent to this action was employed as a deputy with the Defendant Sheriff. He is sued in his individual capacity.

## STATEMENT OF THE ULTIMATE FACTS

7.      On or about November 10, 2005, Plaintiff was approached by Deputy McIntyre while Plaintiff sat on his porch.  McIntyre told Plaintiff that Plaintiff's nephew allegedly said Plaintiff pushed him.  Plaintiff denied this.  With McIntyre approximately seven feet away from Plaintiff, Plaintiff stood up from his seated position to continue his conversation with the deputy.

McIntyre yelled at Plaintiff to sit down, though Plaintiff was on his own porch.  When Plaintiff leaned back against the wall of his house, Defendant McIntyre sprayed Plaintiff in the face with pepper spray.  Plaintiff reached for his face and Defendant moved to handcuff Plaintiff.

8.     During attempts to handcuff Plaintiff, McIntyre called the Havana Police Department to bring a Taser, which it would not do.  Deputy Lindsey, employed with Defendant Sheriff, was also on the scene and repeatedly urged Defendant McIntyre not to handcuff or arrest Plaintiff.  Defendants had no warrant for Plaintiff's arrest, nor did Plaintiff commit even a semblance of a crime in the presence of law enforcement while on his own porch.

9.     Despite Deputy Lindsey's opposition to any arrest, Defendant McIntyre engaged in multiple acts of physical aggression to arrest Plaintiff.  McIntyre violently twisted Plaintiff's arm to handcuff him.  This act, at least in part, caused a partial tear in Plaintiff's rotator cuff, an injury which a doctor determined requires surgery.  McIntyre kicked Plaintiff in the leg to take Plaintiff to the ground.  This takedown caused a muscle pull and bruising.  When Defendant put Plaintiff in his squad car, Defendant aggressively shut the door on Plaintiff's leg before he was entirely inside the vehicle.  At no point did McIntyre warn Plaintiff that he was being arrested for anything.  To the contrary, McIntyre said Plaintiff's nephew was not pressing charges.

10.     Defendants sent Deputy Pratt, McIntyre's supervisor, to transport Plaintiff to jail.  Plaintiff complained to Deputy Pratt about Defendant McIntyre's aggression, physical force, and mishandling of the situation.  Deputy Pratt commented to Plaintiff that McIntyre had acted crazily and that McIntyre had wrongly gone to Plaintiff's home without Pratt's order to do so.  Plaintiff was held in custody for approximately three hours, then released without being charged.  In addition to Plaintiff's complaints to Deputy Pratt, Plaintiff thereafter made Defendant Sheriff aware of

McIntyre's actions. To Plaintiff's information and belief, Defendant Sheriff did not investigate the situation or reprimand Defendant McIntyre.

.                    **COUNT I - NEGLIGENT ENFORCEMENT OF POLICIES[1]**

11.       Paragraphs 1-10 are hereby realleged and incorporated herein by reference.

12.       This is an action against Defendant Gadsden County Sheriff's Office (GCSO) for negligent enforcement of policies. Count I is pled in the alternative.

13.       Defendant GCSO has a duty to enforce existing policies and procedures to protect Plaintiff from the injuries caused by the individually named Defendant.  By way of example only, Defendant GCSO had a duty to enforce and train its employees, including the individually named Defendant herein, on GCSO's policies and procedures on probable cause and on proper use of force.

14.       This duty arises from the fact that Plaintiff was subjected to custodial interrogation by Defendant McIntyre, then put in custody.  This duty arose because of the special relationship between Defendant GCSO and Plaintiff and/or because Plaintiff's injuries were within a foreseeable zone of risk created when Plaintiff was stopped and detained by the individually named Defendant on his property.  Once Plaintiff was restrained of his liberty, he was in the foreseeable zone of risk and a duty of care arose.  Alternatively, because of the nature of the restraint and the subsequent custodial relationship between Plaintiff and the Defendant Sheriff, Defendant had a special relationship with Plaintiff and, consequently, a duty to enforce existing policies and procedures to prevent the types of injuries to Plaintiff herein.

15.       Defendant Sheriff breached its duty to properly enforce such policies and

---

[1]       The actions by  Defendant Sheriff complained of herein are "operational" functions, i.e., functions that are not necessary to or inherent in policy or planning, that merely reflect a secondary decision as to how those policies or plans will be implemented.

4

procedures pertaining to the acts committed by Defendant against Plaintiff that were in place at the times material hereto through proper training and supervision.

16.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained bodily injury, economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## COUNT II - NEGLIGENT TRAINING AND INVESTIGATION

17.     Plaintiff re-alleges paragraphs 1-10 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

18.     This is an action against Defendant Young for negligent training and investigation.

19.     Once Plaintiff was restrained of his liberty, he was in the foreseeable zone of risk and a duty of care arose.  As described more fully above, Defendant Young breached his duty to train his deputies and investigate the improper treatment of Plaintiff to impose appropriate discipline.

20.     The breach of this duty to train and investigate the impropriety by his deputy resulted in damages and injury to Plaintiff.  Defendant Young knew or should have known that the actions, omissions, and derelictions of his agents and employees could cause injuries to Plaintiff.

21.     Defendant Young breached his duty to supervise and train his employees and agents and to impose discipline for their actions.

22.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, serious bodily injury, emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, medical care and expense,

because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

### COUNT III - FALSE ARREST/IMPRISONMENT AGAINST YOUNG

23.     Paragraphs 1-10 are hereby realleged and incorporated herein by reference.

24.     This is an action against Defendant Young for false imprisonment/false arrest. Count III is pled in the alternative.

25.     The Plaintiff is entitled to relief against Defendant Bucher in that, on November 10, 2005, Young, through his employees and agents, intentionally and unlawfully arrested and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The actions by the employees and agents of Defendant Young were committed within the course and scope of their employment with Defendant Young.

26.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where he did not wish to go.  Defendant restrained Plaintiff without any justification and in the absence of probable cause, as described more fully above.

27.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement.

28.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities,

lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable to Plaintiff.

## COUNT IV- FALSE ARREST/IMPRISONMENT AGAINST MCINTYRE

29.     Paragraphs 1-10 are hereby realleged and incorporated herein by reference.

30.     This is an action against Defendant McIntyre in his individual capacity.  Count IV is pled in the alternative.  For the purpose of this Count alone, McIntyre was acting outside the course and scope of his duties and employment with Defendant Young.

31.     The Plaintiff is entitled to relief against Defendant McIntyre in that this Defendant intentionally and unlawfully arrested and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause or color of authority, and maintained such complete restraint and deprivation for a period of time.

32.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where the Plaintiff did not wish to go.  Defendant restrained Plaintiff without any justification and in the absence of probable cause, as described more fully above.

33.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement.  This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

34.     As a direct and proximate cause of these Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity

for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable.

## COUNT V - BATTERY AGAINST YOUNG

35.     Paragraphs 1-10 are hereby realleged and incorporated herein by reference. This Count is pled in the alternative.

36.     On or about November 10, 2005, Plaintiff was battered by employees and agents of Defendant Young.

37.     Plaintiff is entitled to relief against Defendant Young, in that on the occasions mentioned herein, Defendant Young, through his agents and employees while acting within the scope of their employment with Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that Young's agents and employees battered him, hit him and caused Plaintiff to sustain serious injuries. Defendant, through its agents and employees, intended to spray Plaintiff in the face, twist his arm, kick him, shut the patrol car door on his leg, and otherwise batter the Plaintiff. This unlawful touching was also accomplished by Defendant without any justification and in the absence of probable cause to arrest Plaintiff. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to him.

38.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost

employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

### COUNT VI - BATTERY AGAINST MCINTYRE

39.    Paragraphs 1-10 are hereby realleged and incorporated herein by reference.

40.    This is an action against Defendant McIntyre for battery.  For the purpose of this Count alone, Defendant McIntyre was acting outside the course and scope of his duties and employment with Defendant Young.

41.    The Plaintiff is entitled to relief against Defendant McIntyre in that on November 10, 2005, Defendant McIntyre, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that he battered him and caused him to be injured. This Defendant, as more fully set forth above, intended to spray Plaintiff in the face, twist his arm, kick him, shut the patrol car door on his leg, and otherwise batter the Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification and in the absence of probable cause or any authority of law.  Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to him.  McIntyre acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

42.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost

9

employment opportunities, lost wages, and the loss of other emoluments.  These damages have

occurred at present, in the past and will most likely occur in the future.

### COUNT VII - CIVIL RIGHTS VIOLATIONS - DEFENDANT SHERIFF

43.     Paragraphs 1-10 are hereby realleged and incorporated herein by reference.

44.     This count is pled in the alternative and is against Defendant Sheriff in his

supervisory capacity and/or official capacity.

45.     As described more fully above, Defendant Sheriff acted with deliberate

indifference in the failure to adopt a policy or utilizing a constitutionally improper policy for

incidents like that described herein when it was obvious that the likely consequences of not

adopting a policy would be a deprivation of civil rights, and deliberately failed to protect Plaintiff

from the obvious likelihood of harm.

46.     This deliberate indifference was closely related to the violation of Plaintiff's rights

to be free from the unconstitutional use of force and free from arrest/imprisonment without

arguable probable cause.  The physical assaults and battery of Plaintiff violated the Fourth

Amendment's proscription against the excessive use of force.  Defendant misused its power,

possessed by virtue of state law and made possible only because this Defendant was clothed with

the authority of state law.

47.     Defendant Sheriff also failed to implement adequate hiring, training, staffing and

supervisory procedures, a direct result of which Plaintiff was subjected to excessive force and

falsely arrested and imprisoned.  Defendant Sheriff also ratified the actions of Defendant

McIntyre in that even after knowledge of the unconstitutional actions set forth herein, Defendant

Sheriff refused to discipline McIntyre, in essence, confirming that McIntyre acted in accordance with Defendant Sheriff's policies.

48.     Defendant Sheriff is an elected county official with final policy-making authority for Gadsden County, Florida.  He is responsible for hiring, training and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by those employees.  At all times referred to herein, the Defendant Sheriff and his deputies/officers acted under color of state law.

49.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

50.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

**COUNT VIII - CIVIL RIGHTS VIOLATIONS - DEFENDANT MCINTYRE IN HIS INDIVIDUAL CAPACITY**

51.     Plaintiff re-alleges paragraphs 1-10 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

52.     Defendant McIntyre acted in violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States of America, to be free from the excessive

use of force and from being falsely arrested and/or imprisoned.  All such claims are applicable to Defendant under the Fourteenth Amendment.

53.     Defendant further operated to violate Plaintiff's civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983.  This Count is pled in the alternative and for the purposes of this count alone, McIntyre was acting outside the course and scope of his employment with Defendant Sheriff.

54.     Defendant committed battery against Plaintiff as described more fully above, without consent or lawful authority.  The Defendant intended to cause this harmful and offensive contact with Plaintiff in that their harmful acts were deliberate and substantially certain to result in harm and offense.

55.     Defendant operated to violate Plaintiff's  right not to be subjected to the excessive use of force and false imprisonment/arrest under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiff by the Constitution of the United States of America. These violations were of the type and character as to which any reasonable person would be aware.

56.     The Defendant arrested/imprisoned Plaintiff as described more fully above, without even a modicum of probable cause.  There was no arguable probable cause to arrest Plaintiff and at the moment the arrest of the Plaintiff was made, the facts and circumstances within Defendant's knowledge and of which he had reasonably trustworthy information were not sufficient to warrant a prudent man in believing that Plaintiff had committed or was committing an offense.

57.     Defendant McIntyre is a person under applicable law and is liable to Plaintiff for the Defendant's conduct to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution

58.     McIntyre acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

59.     McIntyre misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

60.     The foregoing actions of Defendant were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.  Defendant knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish "arguable probable cause."

61.     Based upon the facts presented to Defendant and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff.  The law was well settled and clearly established that the actions of this Defendant constituted the false arrest under the Fourth Amendment to the United States Constitution at the time the actions by this Defendant were committed.

62.     The actions or inactions of Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when he knew of and disregarded an risk to Plaintiff's health and safety.

63.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

66.     Based on the willful and malicious conduct of the individual Defendant, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant McIntyre sued in his individual capacity.

67.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That process issue and this Court take jurisdiction over this case;

B.     Judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants for the Defendants' violations of law enumerated herein;

C.     Prejudgment interest on monetary recovery obtained pursuant to law;

D.     Judgment against the Defendants and for the Plaintiff awarding the Plaintiff reasonable attorneys' fees and costs; and

E.     Such further relief as is equitable and just.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 6th day of November, 2009.

MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
ATTORNEYS FOR PLAINTIFF

15